# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **BARRY MELTON** | § | **PETITIONER** |
| | § | |
| v. | § | Civil No. 1:16cv397-HSO-LRA |
| | § | |
| **FRANK SHAW** | § | **RESPONDENT** |

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [18] AND DISMISSING PETITION [1] FOR WRIT OF HABEAS CORPUS WITH PREJUDICE

This matter comes before the Court on the Report and Recommendation [18] of United States Magistrate Judge Linda R. Anderson, entered in this case on July 9, 2018. The Magistrate Judge recommended that the Petitioner's Petition [1] for Writ of Habeas Corpus be dismissed with prejudice.

### I. RELEVANT BACKGROUND

In March 2011, Petitioner Barry Melton ("Petitioner") was convicted of possession of a controlled substances with intent to distribute in the Circuit Court of Harrison County, Mississippi, Second Judicial District. Final J. [13-6] at 13. Pursuant to Mississippi Code § 99-19-81, Petitioner was sentenced to a term of imprisonment of forty (40) years without hope of parole or probation, to serve in the custody of the Mississippi Department of Corrections. *Id.* at 14. Petitioner, through counsel, appealed to the Mississippi Court of Appeals, which affirmed the conviction and sentence on October 9, 2012. *See Melton v. State*, 118 So. 3d 605 (Miss. Ct. App.

2012). Subsequently, Petitioner filed a pro se motion for post-conviction habeas relief in the Harrison County Circuit Court. The Circuit Court denied his motion on May 15, 2015, and Petitioner appealed to the Mississippi Court of Appeals, which affirmed the trial court's decision on September 27, 2016. *See Melton v. State*, 201 So. 3d 1085 (Miss. Ct. App. 2016). Petitioner failed to petition the court for rehearing within fourteen days. *See* Miss. R. App. P. 40(a).

On November 11, 2016, Petitioner filed this pro se Petition [1] under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a person in state custody. Pet. [1] at 1. Petitioner advances three issues in his Petition [1]: (1) ineffective assistance of counsel regarding his defense attorney's failure to object to admission of a recorded police interview which included prior bad acts; (2) failure of the trial court to not grant Petitioner's motion for judgment notwithstanding the verdict regarding the sufficiency of evidence to support the finding of intent to distribute; and (3) failure of the trial court to sua sponte order a new trial after admission of his recorded police interview. Pet. [1] at 5-8.

On July 9, 2018, the Magistrate Judge entered a Report and Recommendation [18] that the Petitioner's Petition [1] be dismissed with prejudice. Petitioner has not filed any objections to the Report and Recommendation [18], and the time for doing so has passed.

## II. DISCUSSION

Where no party has objected to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. §

2

636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. *See id.* The Court agrees with the Magistrate's conclusion. First, Petitioner failed to exhaust his ineffective assistance of counsel claim and has not demonstrated cause for the default or that "failure to consider the claim will result in a fundamental miscarriage of justice." *Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 2016). Second, the Mississippi Court of Appeal's finding that the jury heard sufficient evidence from which it could rationally infer guilt beyond a reasonable doubt, and from which it could reasonably infer Petitioner's intention to sell methamphetamine, were not objectively reasonable. *See Coleman v. Johnson*, 556 U.S. 650, 651-56 (2012); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Third, Petitioner failed to show that the state court's rejection of his claim that the trial court erred by allowing a police statement which included prior bad acts was prejudicial. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). For these reasons and for the reasons more fully stated in the Magistrate Judge's Report and Recommendation [18], dismissal with prejudice is warranted.

## III. CONCLUSION

The Court will adopt the Magistrate Judge's Report and Recommendation [18] as the opinion of this Court and will dismiss the Petition [1] for Writ of Habeas Corpus with prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [18] of United States Magistrate Judge Linda R. Anderson, entered on July 9, 2018, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Petitioner Barry Melton's Petition [1] for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 9th day of October, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE